MATTER OF JOHNSON

In Deportation Proceedings

A–18436946

*Decided by Board December 7, 1970*

Since respondent has not established, pursuant to the provisions of section 230 of the Civil Code of California, adoption of his U.S. citizen child born out of wedlock, where the child has always lived with its natural mother and has never been received into the household of respondent, he has failed to prove the requisite familial relationship to qualify for the benefits of section 241(f) of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Immigrant not in possession of fa valid unexpired immigrant visa or other valid entry document and not exempt from possession thereof pursuant to section 212(a)(20) of the Act.

ON BEHALF OF RESPONDENT: Arthur D. Cohen, Esquire
840 North Broadway
Los Angeles, California 90012
(Brief filed)

The case comes forward on appeal from the decision of the special inquiry officer who found respondent deportable as charged, denied his application for voluntary departure and ordered that he be deported to British Honduras. Respondent claimed relief from deportation pursuant to section 241(f) of the Immigration and Nationality Act but the special inquiry officer held that he had not met the eligibility requirements of that section.

The respondent is a 26-year-old single male alien, a native and citizen of British Honduras who last entered the United States at El Paso, Texas on or about October 15, 1969. He testified that he entered as a passenger in an automobile that was driven by a United States citizen, and that an officer of the United States Immigration and Naturalization Service questioned the driver of the

car as to his right to enter the United States but the officer did not say anything to him or ask him any questions.

The respondent denies he is deportable as charged, but the fact that he is illegally in the United States and deportable is proved by evidence that is clear, unequivocal and convincing.

The special inquiry officer held that section 241(f) of the Act [1] would not provide relief from deportation because respondent did not meet the eligibility requirements of that section. He determined that respondent did not have the familial ties required and that he had not procured a visa or other documentation or entry into the United States by fraud or misrepresentation.

The familial relationship claimed by the respondent is that he is the adoptive father of his illegitimate child, pursuant to section 230 of the Civil Code of the State of California. The child was born in the United States on May 23, 1969 and is a United States citizen. Section 230 of the Civil Code provides as follows:

*Adoption of illegitimate child.* The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth.

The respondent alleges that he is the adoptive father of the child. The special inquiry officer found that the provisions of section 230 of the Civil Code were not met because the respondent had never received the child into his family and otherwise treated it as if it were his legitimate child. The child has never lived in the household of the respondent but has always been with the mother, or on occasion with a babysitter. He did not know where the mother was living (Tr. of Hearing, p. 12). Although he testified that he lived with the mother *on occasion* both before and after the child's birth (Tr. of Hearing, p. 22), he stated that since 1968 (before the birth) he has maintained his own home and the mother has maintained her own home (Tr. of Hearing, p. 26). He says he contributes to the support of the child, but how much and by what means are now shown. These facts simply do not constitute receiving the child into his family and treating it as if it were a legitimate child.

---

[1] Section 241(f). The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

Since adoption under section 230 of the Civil Code has not been stablished, the respondent has failed to prove the familial relaionship needed to invoke the benefits of section 241(f) of the \ct. It is therefore unnecessary for us to consider whether he neets the other eligibility requirements of that provision discussed in *Lee Fook Fuey* v. *INS*. (9 Cir., #24376, September 2, .970), now pending on petition for rehearing .*

Accordingly, the appeal will be dismissed.

**ORDER**: It is ordered that the appeal be and the same is hereby lismissed.

---

\* See 439 F.2d 244 (C.A. 9, 1971).